010413Nf

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHELSEA BECHMAN, ) | |
| ) | No. C11-28 EJM |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| MITCHELL A. MAGILL, ERIC D. BUTLER, ) | |
| CITY OF CEDAR RAPIDS, IOWA, ) | |
| ANITA PARVIN, LINDA STURBAUM, and ) | |
| LINN COUNTY, IOWA, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' resisted Motion for Summary Judgment, filed May 14, 2012. The briefing schedule concluded on June 22, 2012. Granted in part and denied in part.

Plaintiff, a resident of Linn County, Iowa, brought this action pursuant to 42 USC §1983 seeking damages from defendants for the claimed deprivation of her constitutional rights under color of state law, as well as for pendent state law claims, all arising from her arrest on March 29, 2009. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.[1]

---

1. Counts 2 and 4, raising claims against defendants Linn County, Parvin, and Sturbaum, have been resolved.

In Count 1, plaintiff seeks damages from defendants Magill and Butler, both of whom are officers of the Cedar Rapids Police Department (CRPD), and Cedar Rapids, for a claimed unreasonable search and seizure under color of state law in violation of the Fourth and Fourteenth Amendments to the US Constitution, the claimed deprivation of life, liberty, or property without due process of law in violation of her right to equal protection of law under the Fourteenth Amendment to the US Constitution, and the claimed invasion of her privacy under color of state law in violation of the Fourteenth Amendment to the US Constitution.

In Count 3, plaintiff seeks damages from defendants Magill, Butler, and Cedar Rapids for assault, battery, invasion of privacy, false imprisonment, false arrest, defamation, intentional infliction of emotional distress, loss of liberty, and deprivation of civil rights under the Iowa Constitution.

Defendants seek summary judgment pursuant to FRCP 56. First, defendants assert that officers Magill and Butler are entitled to qualified immunity on plaintiff's claim that the arrest was in violation of the Fourth and Fourteenth Amendments to the US Constitution. Second, defendants assert that plaintiff's claim of deprivation of life, liberty, or property without due process and in violation of equal protection of law, fails to state a claim upon which relief can be granted, and alternatively, that officers Magill and Butler are entitled to qualified immunity on these claims. Third, defendants assert that plaintiff's claim of invasion of privacy under the Fourteenth Amendment to the US Constitution fails to state a claim upon which relief can be granted, and alternatively, that officers Magill and Butler are entitled to qualified

immunity thereon. Fourth, defendants assert that the City of Cedar Rapids is entitled to summary judgment on plaintiff's §1983 claims (1) in the absence of a constitutional violation by officers Magill and Butler, and (2) in the absence of any unconstitutional policy or custom on the part of Cedar Rapids. Fifth, defendants assert they are entitled to judgment on all of plaintiff's tort claims, as none are supported by substantial evidence.

In her response to defendants' Motion for Summary Judgment, plaintiff withdraws her claims of Fourteenth Amendment violations as set forth in paragraphs 49(b) of her Complaint, to wit, her claim of deprivation of life, liberty, or property without due process of law, and the right to equal protection of law. Additionally, plaintiff withdraws her claims of a Fourteenth Amendment violation as set forth in paragraph 49(c) of her Complaint, to wit, invasion of privacy. However, while expressly withdrawing a federal constitutional invasion of privacy claim under paragraph 49(c) of her Complaint, she continues to assert a federal constitutional invasion of privacy claim under paragraph 49(a) of her Complaint, raised under the Fourth and Fourteenth Amendments to the US Constitution, within a claim to be free of unreasonable search and seizure. See Docket #28-1, Plaintiff's brief at p. 9. Further, plaintiff does not resist entry of summary judgment in favor of the City of Cedar Rapids on her claims raised pursuant to 42 USC §1983, conceding that she comes forward with no unconstitutional policy or custom on the part of Cedar Rapids that would support such claims. As to her tort claims, plaintiff does not resist summary judgment on her claim of intentional infliction of emotional distress, or

defamation. Plaintiff resists summary judgment as to defendants' assertion of entitlement to qualified immunity regarding her arrest, the remaining claimed violations of the Fourth and Fourteenth Amendments to the US Constitution, and her remaining tort claims.

In light of plaintiff's withdrawal of certain claims, her concession of Cedar Rapids' entitlement to summary judgment on certain grounds, and her resistance to parts of the summary judgment motion, the court understands the posture of this matter to present the remaining claims:

1. As against Magill and Butler, plaintiff asserts the arrest was an unconstitutional seizure in violation of the Fourth and Fourteenth Amendments to the US Constitution, as they knew or should have known that no valid arrest warrant was located for the arrest of plaintiff.

2. As against Magill and Butler, plaintiff asserts that defendants' observation of her use of a bathroom under the conditions pled constitutes an invasion of privacy under the Fourth Amendment to the US Constitution.

3. As against Magill, Butler, and Cedar Rapids, plaintiff asserts the conduct by defendants Magill and Butler constitutes false arrest and false imprisonment, assault and battery, and an invasion of privacy.

Upon review, including consideration of defendants' Statement of Undisputed Fact, Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, and Plaintiff's Statement of Material Facts in Resistance to Defendants' Motion for

Summary Judgment, the following facts appear undisputed:[2] Following a traffic stop by CRPD officers on March 29, 2007, plaintiff was charged with failure to show proof of financial responsibility. After her failure to appear on this charge, a warrant was issued for her arrest. On September 26, 2008, plaintiff voluntarily appeared and pled guilty to the pending charge, and the court then ordered the warrant recalled. This notice of warrant recall was received by the CRPD. Sometime after 9:00 p.m. on March 29, 2009, in the course of defendant Magill making a traffic stop of plaintiff's husband and checking the license plates, Magill learned of a possible outstanding arrest warrant for plaintiff, and further learned from plaintiff's husband that plaintiff was then home with her infant daughter. Magill contacted defendant Butler for assistance, and the two officers met at plaintiff's home. Upon arrival, they told plaintiff that they wanted to discuss a warrant for her arrest, and she told the officers that the warrant had been resolved. After the officers checked with the CRPD to determine whether there existed a valid warrant for plaintiff's arrest, which in turn led to an inquiry to the Linn County Sheriff's office, it appears undisputed that defendants were not notified that a valid warrant existed. Defendants were instead advised by CRPD employee Tanya Hall that they could take plaintiff to the Linn

---

2. In reviewing the parties' statements of fact, the court notes that a failure to respond to a party's individual statement of fact constitutes an admission thereof. LR 56.

County Jail, that the jail would receive her, and that Linn County officials would check the validity of the warrant with the Clerk of Court the next day.

CRPD General Order 103-06, providing arrest procedure to be followed by CRPD employees, provides in part:

> Should the appropriate agency be unable to locate the original warrant…, the subject will be informed that there is supposed to be a warrant issued on him/her and that it can't be found at this time; therefore, he/she is not going to be held further on the warrant…. The subject will then be released…. The warrant list or Sheriff's Computer shall not, in itself, be reason enough to arrest a subject. The officer must be notified that the Police Department, Sheriff's Office, or other agency does (emphasis in original) have the paperwork in hand and is valid.

It is undisputed that a valid arrest warrant did not exist, that plaintiff's arrest was in violation of CRPD General Order 103-06 as set forth above in part, and that the defendants were never notified that any agency had valid paperwork in hand.

It is further undisputed that in the course of effecting plaintiff's arrest, plaintiff advised the officers that she was menstruating and needed to use the bathroom. The officers permitted her do to so under observation, watching her from a hallway outside the bathroom. Additionally, plaintiff was nursing her infant when the officers arrived, and before being taken from her home, she sought to change her clothing which was soaked with breast milk. Defendants advised that if she wished to change clothing, it would be under their observation. Plaintiff declined. Following her exit from the bathroom, she was handcuffed and taken into custody, and jailed until the following morning when she was released at 8:00 a.m., Monday, March 30, 2009.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Again, defendants urge entitlement to qualified immunity on plaintiff's claim that her arrest was in violation of the Fourth and Fourteenth Amendments to the US Constitution. Defendants Magill and Butler are entitled to qualified immunity unless (1) they violated a federal constitutional right belonging to plaintiff, and (2) the right was clearly established at the time of the violation, such that reasonable officials in defendants' position would have known they were violating that right. Livers v. Schenck, 700 F3d 340, 350 (8th Cir. 2012). Defendants assert that the inquiry here distills to whether they had probable cause to arrest plaintiff. There is no assertion that the federal constitutional right claimed to have been violated (the right to be free from arrest without probable cause) was not clearly established at the time of the claimed violation, and it is undisputed that there existed no probable cause here independent of a warrant to justify making the arrest. In support of the assertion that probable cause arguably existed at the time of the arrest, defendants urge that the

extent of their knowledge was that a valid arrest warrant existed, that most paper warrants stored by the authorities were destroyed by flood damage, that this arrest was not unusual as paper warrants are never available to an arresting officer at the scene of the arrest, and that the Linn County Jail agreed to receive the arrestee. See Docket #25-1, defendants' brief at p. 4.

"Law enforcement officers are entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so – provided that the mistake is objectively reasonable." Smithson v. Aldrich, 235 F3d 1058, 1062 (8th Cir. 2000). "Stated otherwise, '[t]he issue for immunity purposes is not probable cause in fact but arguable probable cause.'" Id., (citations omitted). Defendants assert that this case is similar to Edwards v. Baer, 863 F2d 606 (8th Cir. 1988), where qualified immunity was found notwithstanding an arresting officer's failure to follow police guidelines, and the absence of a valid warrant. As noted in Edwards, police department guidelines do not create constitutional rights, and a public official does not lose qualified immunity merely because the claimed conduct violates some statutory or administrative provision. Id. at 608. However, in determining that a reasonable and competent officer in Edwards could have believed that a warrant existed and he had legal authority to make an arrest based on that warrant, the Court of Appeals noted that the arresting officer twice contacted county officials to verify the existence of the warrant prior to the arrest, and was twice advised that the arrest warrant continued to be outstanding. Unlike Edwards, the defendants here

received no such confirmation following their contacting authorities to check the validity of the warrant.

Here, it is undisputed defendants were advised by plaintiff that the warrant was resolved. While on brief defendants assert that to their knowledge at the time of arrest, a valid warrant existed, it is undisputed that upon contacting authorities for verification of the validity of the warrant, they were unable to confirm that a valid warrant existed. Additionally, it is undisputed that defendants operated under CRPD Order 103-06 which (1) expressly requires the release of the subject where the warrant cannot be located, (2) expressly provides that the "warrant list or Sheriff's Computer" shall not in itself be reason enough to make an arrest, and (3) expressly requires that the officer must be notified that the appropriate agency does have valid paperwork in hand. While CRPD General Order 103-06 does not create a constitutional right, it is the court's view that it has relevance in determining the objective reasonableness of defendants' conduct in this matter.

In light of the foregoing, and viewed in light of the applicable summary judgment standards, including consideration of communications between defendants and CRPD employee Hall, the court finds that no police officer "could have reasonably believed…[their] conduct to be lawful 'in light of clearly established law and information…[that they then] possessed. Smithson v. Aldrich, 235 F3d 1058, 1061 (8th Cir. 2000) (citations omitted). Accordingly, defendants' Motion for Summary Judgment on the basis of qualified immunity shall be denied on this claim.

Turning to plaintiff's constitutional invasion of privacy claim, plaintiff asserts that her privacy rights were violated by the male officers' requiring observation of her as she took care of her menstrual needs, with officer Butler viewing plaintiff from the hallway as she did so.

In support of their assertion of either no constitutional violation of privacy rights, or entitlement to qualified immunity on this claim, defendants urge that plaintiff's claim is foreclosed by Hill v. McKinley, 311 F3d 899 (8th Cir. 2002). In Hill, the Court of Appeals found no violation of a female prisoner's Fourth Amendment privacy rights upon a male guard's requiring a loud and violent female prisoner to disrobe in his presence before placing her in a padded cell for safety, and further found use of male guards to transfer an unruly and naked female prisoner did not violate the Fourth Amendment. Id. at 903. The Court there noted authority for opposite sex surveillance performed on the same basis as same-sex surveillance not being unreasonable where justified by safety and equal employment concerns, as well as authority upholding a search of an inmate's vagina by a female nurse in the presence of two male guards.

The observation here was brief, minimal, and relatively unintrusive, with the female arrestee being observed from the hallway through an open door, and the undisputed purpose of observation was safety and security. While plaintiff asserts that the security measure of watching her from the hallway was unnecessary (the officers did not feel threatened under the circumstances) and partially ineffective (the bathroom was not first checked for weapons or contraband), it is the court's view that

10

there exists no disputed issue of material fact indicating that officers Butler and Magill exaggerated their response to otherwise legitimate safety concerns, and therefore defendants are entitled to summary judgment on plaintiff's Fourth Amendment privacy claim. Compare Shroff v. Spellman, 604 F3d 1179, 1191 (10th Cir. 2010) (viewing record in light most favorable to plaintiff who was arrested without probable cause, in absence of security justification, Fourth Amendment right to privacy violated by requiring her to expose breasts to female officer while performing essential bodily function (providing milk for baby)).

The court next turns to plaintiff's remaining pendent state law claims[3] of false arrest and false imprisonment, assault, battery, and invasion of privacy.

The tort of false arrest has two elements: detention against a person's will, and unlawfulness of the detention. Kraft v. City of Bettendorf, 359 NW2d 466, 469 (Iowa 1984). The elements of false arrest and false imprisonment are the same. Id. For reasons previously discussed, it is the court's view that there exist disputed issues of fact precluding entry of summary judgment against plaintiff's claim of false arrest.

---

3. Plaintiff asserts that her claims of "loss of liberty [and] deprivation of civil rights under the Iowa Constitution" are encompassed within her tort claims of false arrest/imprisonment, assault, battery, and invasion of privacy, and therefore this category of claim requires no consideration apart from those tort claims.

As to plaintiff's claim of assault and battery, an assault consists of "acts threatening violence [or offense] to the person of another; coupled with the means, ability, and intent to commit the violence [or offense] threatened." Tinius v. Carroll County Sheriff Dept., 321 FS2d 1064, 1079-1080 (ND IA 2004) (citations omitted) (discussing Iowa law of assault). A "battery" occurs upon commission of acts intending to cause harmful or offensive contact with another person, or an imminent apprehension of such contact, and a harmful contact directly or indirectly results. Id. Plaintiff's claim of assault arises from the assertion that officer Magill advised he would be handcuffing her, and her claim of battery arises from officer Magill's act of handcuffing her. As noted in Tinius, "[a] law enforcement officer may use reasonable force in the performance of his or her duty." Id. It is undisputed that the officers used no force on plaintiff, that they "put [the handcuffs] on fine," see docket #25-3, App. p. 32, Bechman deposition, and that plaintiff has no complaint as to the manner in which the handcuffs were applied. Upon these undisputed facts, the court finds there exist no disputed issues of material fact and that defendants are entitled to summary judgment on the claims of assault and battery.

As to plaintiff's state law claim of invasion of privacy, upon consideration of the elements of intrusion upon seclusion, which involve an intentional intrusion upon the seclusion of another which would be highly offensive to a reasonable person, see In re Marriage of Tigges, 758 NW2d 824, 829 (Iowa 2008)(citations omitted); Tinius, supra, 321 FS2d at 1082-1083 (citations omitted), it is the court's view that there

exist disputed issues of material fact precluding the entry of summary judgment on this claim.

It is therefore

ORDERED

Defendants' Motion for Summary Judgment denied as to plaintiff's claim of an arrest in violation of the Fourth Amendment to the US Constitution.

Defendants' Motion for Summary Judgment granted as to plaintiff's claim of invasion of privacy in violation of the Fourth Amendment to the US Constitution.

Defendants' Motion for Summary Judgment granted as to plaintiff's state law claims of assault and battery, and denied as to plaintiff's state law claims of false arrest and invasion of privacy.

January 4, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT